# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# PEORIA DIVISION

| | |
|---|---|
| ELMER WEST, | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-1127 |
| J.D. ZUERCHER, Warden, F.C.I. Pekin, | ) |
| Respondent. | ) |

## ORDER

Now before the Court are Petitioner Elmer West's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2241 and Respondent's Motion to Dismiss. For the reasons set forth below the Motion to Dismiss [#5] is granted.

## BACKGROUND

Petitioner Elmer West ("West") is currently incarcerated at Federal Correctional Institution at Pekin, Illinois. In April 2004, West was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922. The indictment listed the date of the offense as February 1, 2004. On November 18, 2004, West pled guilty to the charge. He was sentenced on January 18, 2005, by the Honorable Paul G. Cassell, United States District Judge for the District of Utah. West was sentenced to 51 months of incarceration and 24 months of supervised release. Specifically, the judgment provides:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 51 months to run concurrent with any state sentence he is serving. There are 3 state case numbers. 02-1911088-FS-Barrett; 02-1911497-FS-Barrett; and 03-1908608-FS-Fuchs. Credit for time served.

West's projected release date is August 27, 2008.

Because Judge Cassell ordered that West's sentence run concurrently with any state sentences, the Inmate Systems administrator designated the Utah Department of Corrections as the initial facility for service of West's federal sentence. West was granted a *nunc pro tunc* designation to allow his federal sentence to begin the day it was imposed. West arrived at FCI Waseca, Minnesota, on June 21, 2005, for continued service of his federal sentence. At some point, West was transferred to Federal Prison Camp in Yankton, South Dakota. West was transferred from FPC Yankton to FCI Pekin on January 9, 2007, due to a need for greater supervision.

On September 15, 2006, while he was incarcerated at FPC Yankton, West filed a § 2241 petition in the United States District Court for the District of South Dakota regarding the institution's halfway house policy. On October 6, 2006, West filed a supplemental petition that raised the issue of whether the Bureau of Prisons ("BOP") had miscalculated his release date by not giving him enough credit for the time he was incarcerated prior to the entry of his federal sentence. West requested as relief an additional 497 days of credit to his sentence.

By order and opinion dated April 19, 2007, the United States District Court for the District of South Dakota, Judge Lawrence L. Piersol, denied West's § 2241 petition, ruling that the BOP has properly calculated his sentence and that West has been granted all of the credit to which he was entitled under the judgment entered by Judge Cassell. *West v. Whitehead*, 484 F. Supp. 2d 1011 (D.S.D. 2007). The BOP has awarded West 63 days of prior custody credit towards his federal sentence. Three days were applied pursuant to 18 U.S.C. § 3585[1], February

---

[1] 18 U.S.C. § 3585(b) defines prior custody:
> a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

1, 2004, through February 3, 2004, and 60 days were applied pursuant to the decision in *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).[2] While West claimed that he was entitled to credit for an additional 497 while days he was awaiting federal sentencing, the court concluded that he had failed to show that he did not receive credit against the Utah sentences for any of the imprisonment which occurred prior to the date his federal sentence commenced, other than that for which the BOP had already granted him credit. *Id*. at 1104. Because 18 U.S.C. § 3585(b) prohibits the award of double credit for prior custody, the court found that West was not entitled to the additional credit he sought. *Id*. West filed his Notice of Appeal of Judge Piersol's decision on May 21, 2007.

Also on May 21, 2007, West filed with this Court the instant "Emergency Writ of Habeas Corpus," pursuant to 28 U.S.C. § 2241. Petitioner argues here, as he did in South Dakota, that the BOP has miscalculated the amount of credit he was to receive for the time he was incarcerated prior to his federal sentencing. He claims, as he did in South Dakota, that he was in primary federal custody during this time and therefore should receive credit towards his federal sentence. However, West seeks as relief credit for 352 additional days, while he sought 497 in the petition filed in South Dakota. Because of West's claim that his true release date should be in July 2007, the Court ordered an expedited response from the Respondent. Respondent filed a Motion to Dismiss the instant petition on June 25, 2007. West filed a Response on July 9. The matter is fully briefed, and this Order follows.

---

[2] Judge Piersol explained, "Application of the decision in *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993), results in enlargement of credit for non-Federal prior custody when the raw full term of a Federal sentence is less than the raw full term of the concurrent state sentence." *West v. Whitehead*, 484 F. Supp. 2d 1011, 1013 n.2 (D.S.D. 2007). Judge Piersol continued by speculating that *Kayfez* credit may not have been appropriate in West's case.

## DISCUSSION

Respondent argues that the Court should dismiss West's instant § 2241 petition because it is successive in that it presents essentially the same argument West made in his supplement to his § 2241 petition filed in the District of South Dakota.

Under 28 U.S.C. §2244(a),

> No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to judgment of a court of the United States if it appears that the legality of such determination has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

In his response to the Respondent's Motion to Dismiss, West argues that this language does not *preclude* a district court judge from considering a successive petition. Regardless of the precise wording of § 2244(a), the Seventh Circuit, and other courts, have held that § 2244(a) bars successive petitions under § 2241 which are directed at the same issue. *Valona v. U.S.*, 138 F.3d 693, 694 (7th Cir. 1998); *Glumb v. Honsted*, 891 F.2d 872, 873 (11th Cir. 1990).

West also argues that the instant 2241 petition is "distinctly different" from the 2241 petition filed in South Dakota because he is now seeking his immediate release, and "thus the legality of West's detention has now in fact come into question." However, the relief West seeks – immediate release versus half-way house placement – has changed only because of the passage of time, not because any different issues have been raised.

West challenges here the same BOP determinations that he challenged in his South Dakota § 2241 petition. Because the instant petition is successive, the Court lacks jurisdiction to entertain it.

## CONCLUSION

For the reasons set forth above, Respondent's Motion to Dismiss [#5] is GRANTED.

This matter is now TERMINATED


Entered this 18th day of July, 2007

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge
